**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

HELENE V. RUSSELL-ALLGOOD,  :
             :
   Plaintiff,     :
             :
   v.        :  CIVIL ACTION NO.
             :  1:06-CV-1943-JOF
RESURGENT CAPITAL SERVICES, :
L.P., a Delaware limited partnership, :
et al.,         :
             :
   Defendants.   :

**<u>OPINION AND ORDER</u>**

This matter is before the court on Defendants' motion to dismiss [4-1].

**I. Background**

**A. Procedural History and Facts**

On August 18, 2006, Plaintiff, Helene Russell-Allgood, filed suit against Defendants,

Resurgent Capital Services, LP; Ventus Capital Services, LP; and LVNV Funding, LLC,

contending that Defendants violated the Federal Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692, *et seq.*, the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*,

and the Georgia Fair Business Practices Act of 1975, O.C.G.A. §§ 10-1-390, *et seq.*

Plaintiff also raises a state law defamation claim.  Shortly thereafter, Defendants filed the

instant motion to dismiss Plaintiff's complaint.  According to the complaint, LVNV is a

purchaser of debt portfolios.  LVNV then outsources the collection of these portfolios to Resurgent.

In her complaint, Plaintiff alleges that each Defendant violated the Fair Debt Collection Practices Act by making false representations, failing to communicate that the debt was disputed, using unfair means to attempt to collect the debt, attempting to collect on a debt not owed, and by failing to cease collections after receipt of a dispute.  Plaintiff also contends that LVNV violated the Fair Credit Reporting Act by failing to conduct a proper investigation after receiving notice of dispute.  Plaintiff contends that all Defendants violated the Georgia Fair Business Practices Act by using unfair or deceptive acts in the conduct of a consumer transaction or practices in trade or commerce.  Finally, Plaintiff contends that LVNV defamed Plaintiff by publishing allegedly false credit information regarding Plaintiff to one or more consumer reporting agencies.

According to Plaintiff's complaint, at some time in 2004 or 2005, she was the victim of identity theft when a Bank of America Visa credit card was fraudulently opened in her name.  She notified Bank of America of the theft.  *See* Cmplt., ¶¶ 36-37.  At some point thereafter, the account was sold to LVNV.  *Id.*, ¶ 38.

On September 10, 2005, an employee of Ventus called Plaintiff and she disputed the account.  *Id.*, ¶¶ 41-42.  The Ventus employee told Plaintiff she would have to submit a dispute in writing or the company would continue to try to collect on the account.  *Id.*, ¶ 43.

2

Plaintiff received a letter from Ventus on September 12, 2005. *Id.*, ¶ 44. On October 11,

2005, Plaintiff received another call from Ventus, and Plaintiff again disputed the debt with

the caller stating that she had been a victim of identity theft. *Id.*, ¶¶ 45-46.

On October 11, 2005, Plaintiff sent a dispute letter to Ventus. Ventus received the

letter on October 17, 2005 and did not respond to Plaintiff. *Id.*, ¶¶ 47-49.

On October 28, 2005, Plaintiff received a letter from Resurgent verifying the debt

including an affidavit of debt showing the amount owed by Plaintiff. *Id., ¶¶* 52-56. Plaintiff

disputes the amount of debt set forth in the affidavit. LVNV reported the debt to one or

more crediting agencies, including Experian, in October 2005. *Id.*, ¶ 60. At some point

between December 2005 and the time the complaint was filed, LVNV noted that the account

was disputed but did not remove it from her file with the major credit reporting agencies.

*Id.*, ¶ 67. Plaintiff requested that credit reporting agencies investigate the account. *Id.*, ¶ 68.

### B.    Contentions

In their motion to dismiss, Defendants contend that LVNV and Resurgent are not

"debt collectors" under the Fair Debt Collection Practices Act. Ventus contends that it did

not continue collection efforts after Plaintiff notified it of the account's dispute and,

therefore, cannot be held liable under the Fair Debt Collections Practices Act. With respect

to the Fair Credit Reporting Act claims, LVNV argues that Plaintiff has not sufficiently

alleged actual damages. LVNV further argues that its investigation responsibilities under

AO 72A
(Rev.8/82)

the Act were never triggered because Plaintiff has not alleged that any credit reporting agency informed LVNV that the information LVNV furnished was inaccurate. Defendants argue that Plaintiff's claims under the Georgia Fair Business Practices Act are preempted by the Fair Credit Reporting Act, and even if the claims were not preempted, they cannot be raised through the Georgia Act because they do not affect the "consumer marketplace." Finally, LVNV argues that Plaintiff has failed to state a claim for defamation because LVNV noted on the account trade line that Plaintiff disputed the account, and therefore LVNV could not have provided any false information.

Despite the fact that the court granted the parties' request for additional time for Plaintiff to respond, Plaintiff has not responded to Defendants' motion to dismiss indicating there is no opposition. *See* Local Rule 7.1D. For this reason, the court could grant Defendants' motion. In any event, the court addresses the merits of Defendants' motion below.

## II.   Discussion

### A.   Fair Debt Collection Practices Act

A "debt collector" under the Fair Debt Collection Practices Act is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts . . . ." 15 U.S.C. § 1692(a)(6). Creditor is defined as any person who "offers or extends credit creating a debt or to whom a debt is

4

owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692(a)(4).  LVNV is the current owner of the account which it purchased from Bank of America.  Thus, LVNV is a "creditor."

The Fair Debt Collection Practices Act definition of "debt collector" generally excludes "creditors."  *See Catencamp v. Cendant Timeshare Resort Group Consumer Finance, Inc.*, 471 F.3d 780 (7th Cir. 2006).  However, section 1692a(6) contains an exception to this rule for any creditor "who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* at 781.  In her complaint, Plaintiff alleges that LVNV outsources its debt collection to Resurgent.  Plaintiff's complaint, however, also alleges that Resurgent's collection letters stated that Resurgent, Ventus, and LVNV are related entities. Thus, unlike the situation in *Catencamp*, there was no attempt to hide the identity of the creditor or debt collector acting on the creditor's behalf and therefore, section 1692a(6)'s exception does not apply.  LVNV is not a "debt collector" under the Fair Debt Collection Practices Act and therefore cannot be liable under the act.

Plaintiff does not allege any facts in her complaint that show that Resurgent attempted to collect on a debt.  She does allege that Resurgent sent her an affidavit and a

5

letter in an attempt to verify the debt.  However, without an allegation of attempting to

collect on the debt, Resurgent cannot be liable under the Fair Debt Collection Practices Act.

Ventus is the entity that actually communicated with Plaintiff.  The Fair Debt

Collection Practices Act makes it unlawful for "debt collectors" to use any "false, deceptive,

or misleading representation or means in connection with the collection of any debt."  15

U.S.C. § 1692e.  Here, Plaintiff asserts that Ventus' report of the account as under collection

was a violation of section 1692e because Ventus knew or should have known the account

information is false or misleading since Plaintiff informed it she had been a victim of

identity theft.  However, the Fair Debt Collection Practices Act differs from the Fair Credit

Reporting Act.  In *King v. Asset Acceptance, LLC*, 452 F Supp. 2d 1272 (N.D. Ga. 2006)

(Camp, J.), the court considered a similar allegation but held that the Fair Debt Collection

Practices Act did not require debt collectors to "refrain from reporting account information

solely because a debtor informs the collector that he believes the account to be fraudulent."

*Id.* at 1282.  Once Plaintiff sent a letter on October 11, 2005 that she disputed the debt, no

further efforts at collection were made, and therefore, Ventus cannot be held liable under the

Fair Debt Collection Practices Act.

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss with

respect to Plaintiff's Fair Debt Collection Practices Act claims.

AO 72A
(Rev.8/82)

## B.   Fair Credit Reporting Act

Plaintiff brings a claim under the Fair Credit Reporting Act against only LVNV alleging that the company failed properly to investigate, review and correct false credit information as required by 15 U.S.C. § 1681s-2(b).  Plaintiff asserts that LVNV's acts constitute willful violations of the Act, or in the alternative, negligent violations.  Plaintiff's only assertion of damages is that she is "afraid to apply for credit for fear of being turned down."  *See* Cmplt., ¶ 64.  In its motion to dismiss, LVNV asserts that this is not sufficient evidence of "actual damages."

Title 15 U.S.C. § 1681*n* and § 1681*o* govern, respectively, willful and negligent violations of the Act.  Subsection *n* allows recovery of actual damages or statutory damages between $100 and $1000.  Subsection *o* allows recovery of "actual damages" only.  There is no doubt that Plaintiff has not alleged any economic damages.  However, the Fair Credit Reporting Act recognizes that "'actual damages' may include humiliation and mental distress, even in the absence of out-of-pocket expenses."  *See Casella v. Equifax Credit Information Services*, 56 F.3d 469, 474 (2d Cir. 1995).  Thus, the court finds that Plaintiff has sufficiently alleged damages to survive LVNV's motion to dismiss on this basis.

Section 1681s-2(b) imposes certain requirements on entities responsible for furnishing information to credit reporting agencies following receipt of a notice of dispute of debt.  The entity must conduct an investigation, review all information provided by the

7

AO 72A
(Rev.8/82)

credit reporting agency, report the results of the investigation to the credit reporting agency, and if the investigation shows the information is inaccurate or incomplete, report those results to all other credit reporting agencies.

LVNV, however, contends that its responsibilities under § 1681s-2b were never triggered because the credit reporting agency did not provide notice of the dispute to LVNV within five business days of the credit reporting agency's receipt of the dispute. *See* 15 U.S.C. § 1681i(a)(2)(A). Section 1681i(a)(2)(A) states that the five-day business period begins after the credit reporting agency receives notice of a dispute from a customer. *Id.* The credit reporting agency is then to notify the furnisher of the information that a dispute has arisen. *Id.*

Although Plaintiff has alleged in her complaint that she notified the credit reporting agencies of the dispute, she has not alleged that those agencies in turn notified LVNV as the furnisher of the information of the dispute. While Plaintiff has alleged that she informed LVNV of the dispute, courts have held that under § 1681i(a)(2)(A), the notice must be received from a credit reporting agency and not the consumer. *See*, *e.g.*, *Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851 (6th Cir. 2004) (unpublished decision); *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002); *Aklagi v. Nationscredit Financial*, 196 F. Supp. 2d 1186 (D. Kan. 2002).

8

For the foregoing reasons, the court GRANTS LVNV's motion to dismiss with respect to Plaintiff's Fair Credit Reporting Act claims.

### C.        Georgia Fair Business Practices Act and State Defamation

Plaintiff alleges that Defendants have violated Georgia's Fair Business Practices Act through the "use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade and commerce." Cmplt., ¶ 91. Defendants argue that Plaintiff's Fair Business Practices Act claim is preempted by the Federal Fair Credit Reporting Act. The Fair Credit Reporting Act has two preemption provisions, 15 U.S.C. § 1681h(e) and § 1681t(b)(1)(F). Section 1681(b)(1)(F) states that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to subject matter related under . . . section 623 relating to the responsibilities of person who furnishes information to consumer reporting agencies." *Id.* Section 1681h(e) states "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a credit reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." *Id.*

Numerous courts have considered the interplay of these two provisions. In *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368 (N.D. Ga. 2004) (Evans, J.), the court held that § 1681t(b)(1)(F) applied to state statutory claims and § 1681h(e) applied to state common

9

law claims. *See also Jordan v. Trans Union LLC*, 377 F. Supp. 2d 1307 (N.D. Ga. 2005) (Tidwell, J.) (same); *Pinckney v. SLM Financial Corp.*, 433 F. Supp. 2d 1316 (N.D. Ga. 2005) (Hunt, J.); *Neal v. Equifax Information Services, Inc.*, Civil Action No. 03-CV-0761-JEC (N. D. Ga. Mar. 11, 2004) (Carnes, J).   The court applies that analysis here and concludes that Plaintiff's claim under Georgia's Fair Business Practices Act is preempted by the Fair Credit Reporting Act, and the court GRANTS Defendants' motion to dismiss Plaintiff's claim under Georgia's Fair Business Practices Act.

Plaintiff, however, also raises a state common law defamation claim.  Plaintiff alleges that "LVNV has notated the plaintiff's dispute on the account trade line of Plaintiff's credit file."  *See* Cmplt., ¶ 67.   Plaintiff alleges that LVNV reported on the account with the knowledge that its reporting was false and that the reporting was done with malice and willful intent to injure Plaintiff.  *Id.*, ¶¶ 96-101.  Thus, Plaintiff's state law defamation claim is not preempted by section 1681h(e).   However, LVNV alleges that its reporting of the account as disputed was accurate and the truth is an absolute defense to a defamation claim. *See Yandle v. Mitchell Motors*, 199 Ga. App. 211 (1991).

In her complaint, Plaintiff alleges that she sent a letter to Ventus on October 11, 2005, indicating that she disputed the debt and was the victim of identity theft.  *See* Cmplt., ¶¶ 47-48.  LVNV then continued to report the debt and negative credit information on Plaintiff's credit report.  *Id.*, ¶ 50.   "Either VENTUS failed to communicate the Plaintiff's dispute

information to LVNV, or LVNV ignored that information." *Id.*, ¶ 51. "LVNV reported the

debt to one or more credit reporting agencies, including but not limited to Experian, on or

about October of 2005." *Id.*, ¶ 60. "As of December 30, 2005, the account was not noted

as being disputed with any of these credit reporting agencies, including Experian. *Id.*, ¶ 66.

"At present [August 2006], LVNV has notated the plaintiff's dispute on the account trade

line of Plaintiff's credit file, but has failed to remove it from her file with any of the major

credit reporting agencies, including but not limited to Trans Union, Equifax and Experian."

*Id.*, ¶ 67.  "Despite [] reinvestigation requests, LVNV continues to report this false and

negative debt information." *Id.*, ¶ 69.

The exact nature of Plaintiff's defamation claim is unclear from her complaint.

LVNV is correct that merely reporting the account as disputed cannot subject it to liability

under a state law defamation claim because the account is, indeed, disputed.  However,

reading paragraphs 66 and 67 of Plaintiff's complaint together, Plaintiff could be alleging

that for at least the period of December 30, 2005, until August 2006, LVNV was reporting

the debt to the credit reporting agencies without the trade line notation that it was disputed.

For this reason, the court cannot grant LVNV's motion to dismiss Plaintiff's defamation

claim because it is not clear that Plaintiff could not succeed on this claim.  However,

because the court granted Defendants' motion to dismiss on the two federal claims, pursuant

11

to 28 U.S.C. § 1367, the court will decline to exercise supplemental jurisdiction over

Plaintiff's sole remaining claim of state law defamation.

## III.    Conclusion

The court GRANTS Defendants' motion to dismiss [4-1].


**IT IS SO ORDERED** this 6th day of June 2007.


            s/ J. Owen Forrester
             J. OWEN FORRESTER
        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)